IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:03CR100** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **DAVID WAYNE BOYD,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the government's objections thereto (Filing No. 54). *See* "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) requires a sentence of 60 months. The plea agreement states that the "agreement is intended by both parties to eliminate all possible issues under the U.S.S.G. such as criminal history, role in the offense, and any other issues." (Filing No. 46.) The PSR includes a base offense level of 36 based on responsibility for 1.3 kilograms of crack cocaine and a sentencing guideline range of 235 to 293 months based on a total offense level of 33 and placement in criminal history category VI. The Addendum to the PSR indicates that the plea agreement was meant to address issues including the credibility of the witness who established the drug quantity,"issues Mr. Boyd had regarding his criminal history," and issues that Mr. Boyd would have otherwise presented in support of a request for a downward departure.

The Court's Tentative Findings are that the PSR is correct, and the Court will discuss the disparity between the plea agreement and the PSR at the sentencing hearing.

IT IS ORDERED:

1. The parties are notified that my tentative findings are that the PSR is correct in all respects;

2. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3. Absent submission of the information required by paragraph 2 of this order, my tentative findings may become final;

4. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 24th day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge